UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

PERLA MAZZO, On Behalf of herself and All Others
Similarly Situated,

C.A. No

                Plaintiff,

**JURY TRIAL DEMANDED**

        -against-

THE NATURE'S BOUNTY CO., a Delaware corporation,
and NATURE'S BOUNTY, INC., a Delaware
corporation,

                Defendants.

--------------------------------------------------------------------X

## CLASS ACTION COMPLAINT FOR VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, FRAUD, NEGLIGENCE AND UNJUST ENRICHMENT

Plaintiff Perla Mazzo ("Plaintiff") brings this action on behalf of herself and all other similarly situated consumers against Defendants The Nature's Bounty Co., and Nature's Bounty, Inc. (collectively, "Defendants") upon actual knowledge as to her own acts and on information and belief as to all other allegations after due investigation by counsel, and states:

### NATURE OF ACTION

1.     Defendants manufacture, market, sell, and distribute biotin supplements under the Nature's Bounty and Solgar brands.  These products are:

        a.       Biotin 5000 mcg;

b.    SUPER POTENCY Biotin 5000 mcg;

c.    QUICK DISSOLVE Biotin 5000 mcg;

d.    Biotin 10,000 mcg rapid release softgels;

e.    Biotin 10,000 mcg HEALTH & BEAUTY rapid release liquid softgels: and

f.    Similar biotin products sold under Defendants' Solgar brand name.

(These products will collectively be referred to as the "NBC Biotin Products").

2.    On the front of the NBC Biotin Products, Defendants represent that the NBC Biotin Products: "Support[] Healthy Hair, Skin, and Nails."  These representations are collectively referred to as the "health benefit representations."  Defendants' health benefit representations are false, misleading and reasonably likely to deceive the public.  Indeed, the sole active ingredient in Defendants' NBC Biotin Products is biotin, but it does not provide the benefits advertised.

3.    Biotin is a colorless, water soluble B vitamin found in many foods, including several fruits and vegetables, liver, salmon, and cereals.  Biotin serves as a biochemical co-factor (a helper of sorts) for certain enzymatic reactions and is involved in the metabolism of fats, carbohydrates, and amino acids.

4.    The human body only requires a finite amount of biotin on a daily basis for it to perform its enzymatic functions as there are a finite number of enzymes that use biotin.  The amount needed is very small and is measured in micrograms.  Once there is sufficient biotin in the body, saturation occurs and the body does not use this surplus biotin.  The Institute of Medicine (US) Standing Committee on the Scientific Evaluation of Dietary Reference Intakes and its Panel on Folate, Other B Vitamins, and Choline("the Institute of Medicine") has set an adequate

intake (AI) for biotin at 30 micrograms (mcg) per day for people 19 years and older and even less for younger people. (A microgram is 1 billionth of a gram.). [1]

5.      While persons with exceedingly rare conditions that cause biotin deficiencies, or persons who chronically ingest inordinate amounts of raw egg whites, can require biotin supplementation, healthy people already have more than adequate, if not excessive, amounts of biotin derived from their diet naturally and require no supplement.   No reputable medical professional recommends a large daily intake of biotin for healthy adults.

6.      Average biotin intake among North American adults is anywhere from 35-70 mcg per day.   Yet, the 5000 mcg products are 150 times more than the AI and the 10,000 mcg products are 300 times more than the AI.   Thus, even though the IOM has yet to set a DRI (daily recommended intake) for biotin, mega-dose amounts are far beyond any conceivable range that would ever be beneficial. As a result, the taking of biotin at these levels is a waste of money and wholly pointless.

7.      Biotin is a co-factor for five carboxylase enzymes.   A co-factor is a molecule that interacts with an enzyme to facilitate that enzyme's ability to carry out its biochemical functions. Biotin attaches itself to these enzymes, thereby helping each of them perform their respective functions.   Taking meg-doses of the substance is not a "more is better" situation.   Once, a person obtains a sufficient amount of biotin, which is met by the general population through their everyday

---

[1]      Choline ("IOM Dietary Reference Intakes"), INSTITUTE OF MEDICINE, at pp. 374, 382, available at http://www.nap.edu/catalog/6015/   More than sufficient biotin is derived from the daily diets of the general U.S. population, as healthy persons ingest anywhere from 30mcg-60mcg of biotin from their daily diets.

diets, any additional amount is functionally superfluous and does not convey any additional health benefit.

8.      In sum, mega-does of biotin do not support healthy hair, skin and nails, because the general population already consumes sufficient, if not additional amounts of biotin from their daily diets.

9.      The only purported scientific support for biotin supplements affecting hair, skin or nails is from studies of people with what is called "frank" deficiency – e.g., those with rare biotin deficiency conditions.  These persons experience a variety of symptoms including hair loss along with skin and nail problems.  Some studies have shown that in persons with these very rare conditions, biotin supplementation can improve hair/skin/nail health.  These study results cannot be extrapolated to the population at large, since almost everyone else is not biotin deficient and, as noted above, already consume sufficient biotin in their daily diets.

10.     Federal law precludes manufacturers of dietary supplements from representing that their dietary supplements treat or cure diseases.  The 2000 Institute of Medicine Report from the National Academy of Sciences on *Dietary Reference Intakes for Thiamin, Riboflavin, Niacin, Vitamin B6, Folate, Vitamin B12, Pantothenic Acid, Biotin, and Choline* states that, "No definitive studies demonstrate evidence of biotin deficiency in normal individuals in any group resulting from inadequate intakes." (IOM Dietary Reference Intakes at 381).  The IOM concluded in 2000, and this conclusion remains true today, that while there was a limited amount of information regarding biotin intakes this information indicates that "[T]here is little cause for concern about the adequacy of biotin intake for healthy people…" (*Id.* at 385-86).  Accordingly, Defendants' representations do not support the claims that the ingestion of their that NBC Biotin Products will improve the health of hair, skin and nails.

4

11.     Secondly, to the extent Defendants claim that their NBC Biotin Products provide energy support, this claim is false as well, as there is no evidence that biotin could cause "increased energy" in humans.

12.     As a result of the foregoing, the mega-dose NBC Biotin Products to be taken in daily doses ranging from 5000 mcg to 10,000 mcg as sold by Defendants are unneeded and cannot provide any benefit, let alone support healthy hair, skin and nails. Defendants' representations that their products provide health benefits are false, misleading and reasonably likely to deceive consumers. As a result, consumers – including Plaintiff and Class Members have purchased NBC Biotin Products that do not (and cannot) perform as advertised.

13.     In fact, although research is not definitive, there are articles that note harmful effects of excessive Biotin intake. According to Tanya Choudhary, an ISSA Certified Specialist in Fitness & Nutrition, and others who have studied this matter:

        (a)     Too much biotin in the system may cause cystic acne on the chin and jaw line. This vitamin increases sebum production in the skin, making way for ruptures and dirt accumulation. But it has been noted that acne fades away a few weeks after the biotin dosage is stopped;

        (b)     Allergic reactions (uncommon);

        (c)     While there are no confirmatory human studies, research on animals revealed that high doses of biotin can shrink the size of placenta and cause miscarriage;

        (d)     A study has shown that biotin supplement is not recommended for those with diabetes as this vitamin increases the production of glucose and fatty acids in the body;

5

(e)     Drug Interactions:  Biotin may have a negative interaction with anti-seizure and cholesterol-lowering medication. High dosage of biotin supplements may cause these drugs to work less efficiently; and

(f)     In some people, a high dosage of biotin can cause acute respiratory problems or anaphylaxis.

14.     Plaintiff brings this action on behalf of herself and other similarly situated consumers who purchased the NBC Biotin Products to obtain redress for those who have purchased these products.  Based on violations of Florida unfair competition laws (detailed below), as well as the common law, Plaintiff seeks damages and/or restitutionary relief for consumers who purchased the NBC Biotin Products.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(d)(2), the Class Action Fairness Act.  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and some members of the Class are citizens of a state different from that of the Defendants.

16.     This Court has personal jurisdiction over Defendants because Defendants are corporate entities which are citizens of New York and Delaware and which have their executive offices within this District.

17.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) because Defendants reside in this District.

**PARTIES**

18.     Plaintiff Perla Mazzo is a resident of Florida.  Plaintiff Mazzo purchased NBC Biotin Products, Solgar brand, during the past several years in Florida stores.  Thereafter, Plaintiff Mazzo stopped purchasing NBC Biotin Products when she learned that they did not and could not provide the represented health benefits.  Plaintiff Mazzo would not have purchased NBC Biotin Products had she known the truth that NBC Biotin Products are useless.  As a result of Defendants' deceptive practices with respect to NBC Biotin Products, Plaintiff Mazzo has suffered monetary damages.

19.     Defendant The Nature's Bounty Company is a Delaware corporation and its corporate headquarters are located at 2100 Smithtown Ave., Ronkonkoma, New York 11779. NBTY manufactures, advertises, markets, distributes, and/or sells the NBC Biotin Products to tens of thousands of consumers throughout the United States.

20.     Defendant Nature's Bounty, Inc. ("Nature's Bounty") is a Delaware corporation and is a subsidiary of NBTY.  Nature's Bounty is headquartered at 110 Orville Drive, Bohemia, New York 11716.  Nature's Bounty manufactures, advertises, markets, distributes, and/or sells the NBC Biotin Products to tens of thousands of consumers throughout the United States.

**FACTUAL ALLEGATIONS**

A.     **The Useless NBC Biotin Products**

21.     Defendants manufacture, distribute, market, and sell over-the-counter NBC Biotin Products under their Nature's Bounty brand and the Solgar brand.  This lawsuit concerns the following products:

a.      Biotin 5000 mcg,

b.      SUPER POTENCY Biotin 5000 mcg;

c.      QUICK DISSOLVE Biotin 5000 mcg;

d.      Biotin 10,000 mcg rapid release softgels;

e.      Biotin 10,000 mcg HEALTH & BEAUTY rapid release liquid softgels; and

f.      Similar NBC Biotin Products, sold under the Solgar barnd name.

22.      The NBC Biotin Products are marketed as supplements with the purpose of providing certain health benefits and are sold in virtually every major food, drug, and mass retail outlet in the country including, CVS, Kroger, Target, Walgreens, and Wal-Mart.

23.      A single container of the NBC Biotin Products retails for approximately $10.00–$25.00.

**B.      The Materially Deceptive Health Benefit Message**

24.      To promote the sale of Biotin, Defendants have consistently conveyed the health benefit message to consumers nationally.

25.      Each consumer who considers the purchase of NBC Biotin Products is presented with the materially deceptive health benefit representations, which appear prominently and conspicuously on the front of each Biotin Product.  The front panel of the NBC Biotin Products similar or identical to that purchased by Plaintiff purchased is shown below:

26.      The label fronts of the other NBC Biotin Products at issue appear below:

8



(Front of the Defendants' other NBC Biotin Products: Biotin 5000 mcg, SUPER POTENCY Biotin 5000 mcg, QUICK DISSOLVE Biotin 5000 mcg, and Biotin 10,000 mcg rapid release softgels) Copies of representative labels are attached hereto as Exhibit A).

## C.  The Impact of Defendants' Materially Deceptive Conduct

27.  Plaintiff and Class Members have been and will continue to be deceived or misled by Defendants' materially deceptive conduct. Plaintiff and the Class Members have been damaged as a result of their purchases of the NBC Biotin Products and have been deceived into purchasing the NBC Biotin Products which they believed, based on Defendants' representations, would provide them health benefits, when, in fact the NBC Biotin Products are useless and worthless.

9

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and all other similarly situated consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Classes:

**a.      Multi-State Class Action**

All consumers who, within the applicable statute of limitations period until the date that class notice is disseminated, purchased NBC Biotin Products nationally.  Excluded from this Class are Defendants and their officers, directors, employees and those who purchased NBC Biotin Products for the purpose of resale.

In the alternative to a national Class, Plaintiff Mazzo seeks certification of the following:

**b.      Florida-Only Class Action:**

All Florida consumers who, within the applicable statute of limitations period until the date class notice is disseminated, purchased NBC Biotin Products.  Excluded from this Class are Defendants and their officers, directors and employees, and those who purchased NBC Biotin Products for the purpose of resale.

29.     **Numerosity.** The Class Members are so numerous that joinder of all Members is impracticable.  Plaintiff is informed and believes that the proposed Classes contain thousands of purchasers of NBC Biotin Products who have been damaged by Defendants' conduct as alleged herein.  The precise number of Class members is unknown to Plaintiff but may be sufficiently determined through discovery of sales records.

10

30.     **Common Questions of Law and Fact Predominate**.     This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

a.      whether Defendants' health benefit representations discussed above are misleading, or objectively reasonably likely to deceive;

b.      whether Defendants' alleged conduct is unlawful;

c.      whether the alleged conduct constitutes violations of the laws asserted;

d.      whether Defendants engaged in false or misleading advertising; and

e.      whether Plaintiff and Class members are entitled to appropriate remedies, including restitution, and damages.

31.     **Typicality.**     Plaintiff's claims are typical of the claims of the members of the Classes because, *inter alia*, all Class Members were injured through the uniform misconduct described above and were subject to Defendants' deceptive health benefit representations on the front of each and every Biotin Product container. Plaintiff's claims and legal theories on behalf of herself are the same as all Class Members.

32.     **Adequacy of Representation.**     Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff will vigorously prosecute this action. Plaintiff has no adverse or antagonistic interests to those of the Classes.

33.     **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

34.     Plaintiff seeks damages and restitution for the benefit of Plaintiff and the Class Members.

35.     Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and Class members.

## CLAIMS ALLEGED

### COUNT I

### FRAUD AND DECEIT BY WRITTEN MATERIALS

#### (On Behalf of the Nationwide Class)

36.     Plaintiff realleges and incorporates by reference all previous allegations of the Complaint as if they were set forth in full herein.

37.     Defendants sell NBC Biotin Products nationally to consumers based on fraudulent representations that they have health benefits. These representations are totally false. The medical literature provides no scientific support for these claims. Rather, the medical consensus is that mega-does of NBC Biotin Products provide no human benefit.

38.     Defendants' Products earn the Defendants substantial revenue but provide no benefit at all to consumers.

39.     The false representations and the deceit practiced by defendants is uniform through-out the United States as contained on the NBC Biotin Products, as the above images demonstrate.

40.     Consumers who have purchased NBC Biotin Products obtain no benefit from them, but the Defendants have become rich selling what is in essence "snake oil".[2]

41.     As a result of this fraud, Plaintiff and the Class Members have been damaged.

42.     Each Class Member has been defrauded in the same manner, and each Class Member relied on the uniform written representations. Each Class Member suffered damages, and each has a claim for Defendants' fraud and deceit, including fraud in the inducement.

43.     Where a defendant, as here, deceives a class of purchasers by uniform representations, reliance by the class of purchasers is legally presumed.

44.     Plaintiff and the Class are entitled to compensatory damages.

45.     Since the conduct here was nationally effected and intentionally done, Plaintiff and the Class are entitled to punitive damages in an amount which will deter Defendants from future

---

[2]     **Snake oil** is a fraudulent liniment without snake extract. Currently, it has come to refer to any product with questionable or unverifiable quality or benefit. By extension, a **snake oil salesman** is someone who knowingly sells fraudulent goods or who is a fraud, quack, or charlatan.

violations.  Plaintiff and the Class should be awarded punitive damages in an amount not to exceed three times the amount of compensatory damages awarded.

**COUNT II**

**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT FOR DAMAGES, AND ATTORNY FEES**

**(On Behalf of the Florida Sub-Class)**

46.     Plaintiff realleges and incorporates by reference all previous allegations of the Complaint as if they were set forth in full herein.

47.     Plaintiff Mazzo brings this claim individually and on behalf of the Class.  Plaintiff and the Class have suffered actual monetary injury as a result of Defendants' deceptive conduct as a result of the purchase of NBC Biotin Products which have no value and are in fact worthless.

48.     Defendants' conduct as alleged herein violated the Florida Deceptive and Unfair Trade Practices Act Florida Statutes § 501.201, *et. seq.*

49.     The wrongful conduct alleged herein falls squarely within the type of unfair and deceptive business practices which the Florida consumer laws were designed to protect.

50.     The Florida Deceptive and Unfair Trade Practices Act authorizes a private action by Plaintiff and the Sub-Class for damages.  Plaintiff Mazzo and the Sub-Class seek compensatory damages for their injuries.

51.     The Florida Deceptive and Unfair Trade Practices Act authorizes Plaintiff and the Class to seek a declaratory judgment that the outrageous scheme alleged herein where the Defendants defraud and deceive innocent purchasers who are looking to obtain an honest price when they purchase items violates the statute.  Accordingly, Plaintiff seeks a declaratory judgment

14

declaring that these unlawful, deceptive practices on behalf of himself and the Sub-class are violative of the statute.

52.     Under Florida Deceptive and Unfair Trade Practices Act, Plaintiff and the Sub-Class are entitled to damages and attorney's fees and the costs of this action as provided by the Florida Deceptive and Unfair Trade Practices Act.

**COUNT III**

**UNJUST ENRICHMENT**

**(On Behalf of the Nationwide Class)**

53.     Plaintiff realleges and incorporates by reference all previous allegations of the Complaint as if they were set forth in full herein.

54.     Plaintiff asserts this claim in that it is unjust to allow Defendants to retain profits from their deceptive, misleading, and unlawful conduct alleged herein.

55.     As a result of the of the actions by Defendants, Defendants received benefits under circumstances where it would be unjust for them to retain those benefits.

56.     Defendants have knowledge or an appreciation of the benefit conferred upon them by Plaintiff and the Class Members.

57.     Equity demands disgorgement of Defendants' ill-gotten gains.  Defendants will be unjustly enriched unless Defendants are ordered to disgorge those profits for the benefit of Plaintiff and the Class.

58.     Plaintiff and the Class Members are entitled disgorgement of the unjust benefits received by Defendants.

15

## COUNT IV

## NEGLIGENCE

## (On Behalf of the Nationwide Class)

59.     Plaintiff realleges and incorporates by reference all previous allegations of the Complaint as if they were set forth in full herein.

60.     In advertising and selling NBC Biotin Products, Defendants made material representations about the NBC Biotin Products which are wholly unsubstantiated despite having the duty to accurately describe their products and the benefits of their Products.

61.     Defendants breached that duty since the true facts are that the NBC Biotin Products have no human benefit.

62.     As a result of Defendants' negligence, Plaintiff and the Class were damaged.

63.     Plaintiff and the Class are entitled to damages in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff pray for a judgment:

A.     Certifying the Classes as requested herein;

B.     Awarding actual, statutory, and punitive damages to Plaintiff and the Class Members as appropriate;

16

     C.      Upon proof of  irreparable harm, a preliminary or permanent injunction;

     D.      Awarding restitution and disgorgement to Plaintiff and the Class members;

     E.      Awarding attorneys' fees and costs; and

     F.      Providing such further relief as may be just and proper.

Dated: February 27, 2018

**ROY JACOBS & ASSOCIATES**

By: _____
     Roy L. Jacobs

420 Lexington Avenue  Suite 2440
New York, NY 10170
212-867-1156
212-504-8343 (Fax)
rjacobs@jacobsclasslaw.com

*Attorneys for Plaintiff*

**Of Counsel:**

Laurence D. Paskowitz
**PASKOWITZ LAW FIRM P.C.**
208 East 51st Street, Suite 380
New York, NY 10022
Tel: 212-685-0969

# EXHIBIT A









2

